Battle, J,
 

 The principle upon which this case must be
 
 *566
 
 decided was fully discussed and settled in
 
 State
 
 v. Long, 8 Ire. Eep. 415, and
 
 Ellis
 
 v.
 
 Long,
 
 Ibid. 513. In the former of those cases, it was held that the sureties of a sheriff were not liable-on his official bond for a sum of money, which had been deposited with him in lieu- of bail by a defendant who had been arrested by him on a writ of
 
 capias ad
 
 respondendum,, and in the second, that they were- not liable for money which a defendant had, upon being arrested on a
 
 capias ad respondendum,
 
 placed in the hands of the sheriff wherewith to pay the debt, when it did not appear that he still held the money, when, subsequently, a writ of
 
 capias ad satisfaciendum
 
 came to his hands. The ground of the decision, in both cases, was, that when the sheriff received the money, for which it was sought to render his sureties liable on his official bond, he had1 no- authority to receive it in his official capacity, and that consequently, there was no covenant in his bond, by which his sureties could be made responsible for his faithful accounting for it. In
 
 State
 
 v.
 
 Long ubi
 
 supra, the Court said, “The clause (in the sheriff’s bond) for the payment of money received or levied, is, obviously, restricted to money thus received or levied under or by virtue of process commanding, the sheriff to make- the money, because it requires that he-shall pay it into the- office- or to- the person- to- whom, by the tenor thereof, that is, of the writ, it ought to- be paid, or may be- due. Here-, he had no such writ or process, and the money was received wholly without authority of law, except the authority which was derived from the contract of the parties.5' These remarks apply, directly, to the facts of the case now before us-- At the time when the relator paid the money tc the principal defendant, Allen, he had no process in his hands under, e>r by virtue of which, he was authorised to levy or receive it, and, consequently, the defendants, as his sureties, were not responsible for his misapplication of it. Allen, himself, is responsible to the relator, and to him alone can the relator have recourse for the purpose- of recovering baelt the-money, which he so incautious^ paid him. The suit on, the-
 
 *567
 
 bond against Allen’s sureties cannot be sustained, and the judgment of nonsuit was proper and must be affirmed.
 

 Per Curiam,
 

 Judgment affirmed.